James N. **GURLEY**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 6893.

District of Columbia Court of Appeals.

Argued July 18, 1973.

Decided Aug. 17, 1973.

---

Samuel C. Klein, Washington, D. C., appointed by this court, for appellant.

Stuart M. Gerson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty., John A. Terry and Michael G. Scheininger, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and FICKLING and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

■ This appeal presents an apparently unique question whether proof of a charge of threats to do bodily harm [1] requires the threat to be made directly to the person threatened.[2] After reviewing the record and briefs, and hearing oral argument, we affirm.

The facts pertinent to this appeal reveal that a dispute occurred between appellant and a Miss Thelma M. Black in her apartment concerning her request that appellant return her apartment key which she had previously given him. The argument became violent and appellant struck Miss Black in the face. Miss Black retaliated by throwing a pot of hot greens at appellant. At this point, Harold Green, a friend of Miss Black, arrived on the scene and exchanged words with appellant. Appellant ran out of the apartment, stopping only at the door to kick Miss Black in the stomach.

■ Later that evening, appellant returned and stood in front of the apartment building cursing. He then threw a brick through Miss Black's bedroom window and left. The police were called and, while they were investigating, Miss Black received a telephone call from appellant. When Miss Black realized it was appellant calling and that he was cursing at her, she handed the telephone to the police officer who listened but did not speak. Appellant stated, "If you call the police or cause me any trouble, I'm going to kill you, Thelma, and then I'll burn down that God damn apartment." Appellant was charged with and, after a jury trial, convicted of simple

---

1. D.C.Code 1967, § 22–507.

2. Appellant was also charged with destruction of property (D.C.Code 1967, § 22–403), a window in the apartment of the female complainant. Both charges arose from an argument between the two who had been friends. Since the destruction of property offense relates to property "not his own," and the evidence clearly showed the apartment was rented and that appellant had merely been an overnight guest on a few occasions, appellant's contention of lack of proof of ownership or possession does not require comment beyond this footnote.

assault,[3] destroying property,[4] and threats to do bodily harm.[5]

D.C.Code 1967, § 22–507 provides:

Whoever is convicted in the District of threats to do bodily harm shall be fined not more than $500 or imprisoned not more than six months, or both, and, in addition thereto or in lieu thereof, may be required to give bond to keep the peace for a period not exceeding one year.

It is obvious that this statute does not expressly require that the threats be communicated directly to the threatened individual. All that the statute proscribes is a threat to do bodily harm. Its phrasing is hardly ideal in that its main thrust is in terms of prescribing punishment for the contemplated conviction. However, the act made punishable is clearly delineated. The parties have not cited nor has our research revealed any case in this jurisdiction which has dealt with whether the threats must be made or communicated to the person threatened. Postell v. United States, D.C.

App., 282 A.2d 551 (1971), held that the statute requires that the threat be of the type that would convey a menace or fear of bodily harm to the ordinary hearer, but it did not decide whether that hearer must be the person to whom the threat is directed.[6] From reading the statute it is clear that at a minimum the statute covers a situation as presented in the instant case where a threat is intentionally conveyed directly to the intended victim but because of some intervening cause it was not uttered to the victim. Though a strong case could be made that even an uncommunicated threat against an infant, a deaf person, or one who is comatose would be in violation of this provision, we do not need to decide that question of breadth. In the instant case appellant was not aware that Miss Black had handed the telephone to the police officer and was obviously still under the impression that he was speaking to her. From these facts we hold that the evidence was sufficient for conviction.

The judgment of conviction is

Affirmed.

3. D.C.Code 1967, § 22–504.

4. Note 2 *supra*.

5. Note 1 *supra*.

6. *See* Landry v. Daley, 280 F.Supp. 938 (N.D.Ill.1968), which upheld an Illinois threat statute which prohibits threats against public officials regardless of whether the official hears them.