600 P.2d 47

**In the Matter of the Appeal in Pinal County, JUVENILE ACTION NO. 55.**

**No. 2 CA–CIV 3259.**

Court of Appeals of Arizona, Division 2.

July 27, 1979.
Review Denied Sept. 13, 1979.

James A. Quisenberry, Casa Grande, for appellant.

Roy A. Mendoza, Pinal County Atty. by N. Victor Cook, Deputy County Atty., Florence, for appellee.

## OPINION

HATHAWAY, Judge.

Appellant, a minor child, was adjudicated a delinquent child and was placed on probation until August 17, 1980. The delinquency adjudication was based on the court's finding beyond a reasonable doubt that appellant had committed the crime of threatening or intimidating another person, in violation of A.R.S. Sec. 13–1202. Appellant contends the court's finding of guilt was based on innuendo and is unsupported by sufficient evidence. We do not agree and affirm.

■ Appellant claims he was deprived of a fair hearing because he was "tried on innuendo" from a psychologist's report and the predispositional report of the probation department. Neither report has been made part of the record on appeal. The probation officer's report, however, was not prepared until after the adjudication hearing. A psychological examination of appellant was ordered on January 19, 1979, and the adjudication hearing was held on January 22. The court-ordered psychological examination was conducted but we cannot ascertain from the record as to when the written report was prepared or whether the court read it prior to the adjudication hearing. Appellant's claim has no merit.

■ Appellant was accused of violating A.R.S. Sec. 13–1202(A)(1):

"A. A person commits threatening or intimidating if such person with the intent to terrify threatens or intimidates by word or conduct:

1. To cause physical injury to another person . . . ."

Viewing the evidence in the light most favorable to the determination of guilt, we find it sufficient. On December 16, 1978, two girls were injured, one seriously, by an unidentified assailant shooting from a car. At the time of the incident giving rise to the charge here, the girls were back in high school, the seriously injured one paralyzed from the waist down, which required her to use a wheelchair. A composite of the unidentified assailant showing him to be a Mexican male had been publicized.

As the girl in the wheelchair and three of her friends were enroute to their lockers in Casa Grande High School, they passed a group of Mexican-American male students in the corridor. Appellant remarked, "She is going to die next time," and others in the group repeated the threat, looking at the girl in the wheelchair when they made the statement. Although the girl in the wheelchair didn't hear the remark as she was talking to a friend, the other girls told her about it and that the remark was directed at her. All the girls were quite upset and the girl in the wheelchair was scared.

This evidence supports the juvenile judge's conclusion that appellant uttered the threat with the purpose of terrifying the girl in the wheelchair. The court correctly concluded that the threat did not have to be communicated directly to the threatened individual. *Gurley v. United States,* 308 A.2d 785 (D.C.App.1973); *State v. Schweppe,* 306 Minn. 395, 237 N.W.2d 609 (1975). Appellant uttered the threat, knowing or having reason to know that it would be communicated to the intended victim and her reaction to the threat was circumstantial evidence of his intent in making the threat. *State v. Schweppe, supra.*

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.